John B. Legnard

v.

Cecelia J. Armstrong et al.

</div>

Mechanic's lien—Notice of sub-contractor.—A notice of a sub-contractor, though in the statutory form, was addressed, not to the owner of the building but to her husband, who, though the agent of his wife, the owner, had no interest in the premises to which a mechanic's lien could attach. *Held*, that the notice was not sufficient.

Appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding. Opinion filed May 5, 1886.

Mr. E. B. Payne, for appellant; that notice to an agent is notice to the principal and binds the principal, cited Sterling Bridge Co. v. Baker, 75 Ill. 139; Bryan v. Primm, Breese, 33, *59; Page v. Brant, 18 Ill. 37.

Mr. B. W. Ellis, for appellees; cited Belanger v. Hersey, 90 Ill. 70.

Bailey, P. J. This was a petition by a sub-contractor against the owner of a building for a mechanic's lien, and the only question which it is necessary for us to consider is as to the sufficiency of the notice given by the sub-contractor of his

intention to hold the building liable for the amount due him on account of materials furnished therefor. It appears that Cecelia J. Armstrong was the owner of two lots known as 306 and 308 West Monroe street, Chicago, upon which she caused to be erected a double brick building, her husband, John M. Armstrong, acting as her agent and attending for her to all the business of letting the contracts and superintending the erection of the building. Among other things Mr. Armstrong, as the agent of his wife, let the contract for furnishing the materials and labor in constructing the brick and rubble work to one Edward Hayden, and by a sub-contract between Hayden and the petitioner the latter furnished the brick necessary for the construction of said brick work. The notice given by the petitioner of his intention to insist upon a lien was served on A. J. York, Mrs. Armstrong's architect, and was as follows:

" To JOHN M. ARMSTRONG:

"You are hereby notified that I have been employed by Edward Hayden, your contractor, to furnish material, to wit, brick to be used in and upon your brick buildings situate in the city of Chicago, Cook county, Illinois, and numbered 306 and 308 West Monroe street, in said city, and that I have furnished brick upon said buildings, and that I shall hold the buildings and your interest in the ground upon which they are situate liable for the amount that is now due me on account thereof, to wit, $800.

"Dated Chicago, September 12, A. D. 1883.

"J. B. LEGNARD."

We are of the opinion that this notice was not sufficient to lay the foundation for a lien in favor of a sub-contractor. It is well settled that the mechanic's lien law, being in derogation of common right, must be strictly construed, and consequently there must be at least a substantial compliance with its provisions in order to the establishment of a lien. The notice, though in the statutory form, was addressed, not to the owner of the building, but to her husband, who had no interest in the premises beyond his inchoate right of dower given him by

our statute.   It did not by its terms seek  to affect the  estate of Mrs. Armstrong, but  only  that of Mr.  Armstrong, who, though the agent of  his wife, had no  interest in the premises to which a mechanic's lien could attach.

It is urged, however, that as the statute does not in express terms require that the notice should be directed to the owner, and provides that it may be served either on the owner or his agent, a notice directed to either is sufficient.    With this view we are unable to concur..   It is true that in the form of notice prescribed by the statute, a blank is left for the insertion of the name of the person to whom it is to be addressed, and there is no express direction as to how that blank is to be filled; still the substance of the notice as prescribed is such as to render it certain that it was the intention of the legislature that the blank should be filled with the name of the owner, and that the notice should be addressed to him.   Thus the form in which the sub-contract is required to be set out in the notice is, to furnish the labor or material "upon your" building, and the lien to be claimed is, upon such building and upon " your interest" in the ground.   Express language could scarcely render it more plain and certain that the person to whom the notice is required to be addressed is the owner of the building and ground.

Any other interpretation of the statute would render the notice absurd and meaningless.   Thus, in the present case, the notice addressed to a person who had no estate or interest in the premises, notified him that the petitioner had been employed by "your contractor" to furnish brick to be used in " your  brick building," and that he  should hold the building and "your interest in the ground" liable for the amount due him therefor.   Such notice is not even a substantial compliance with the statute ; and as it does not in terms embrace or even refer to any estate or interest of Mrs. Armstrong in the building or ground, it is impossible to see how her estate can be affected by it, or how any lien upon such estate can be based upon it.

It is clear that the statutory notice is a necessary prerequisite to the establishment of a lien by a sub-contractor,

and as no proper notice was shown in this case the decree of the court below dismissing the petition was manifestly correct. The decree will be affirmed.

Decree affirmed.