Gain v. Butler & McCracken.

# ELLA GAIN

## v.

## BUTLER & McCRACKEN.

*Mechanic's Lien—Claim of Sub-Contractors—Secs. 30, 31 and 35, Act of 1887—Sworn Statement—Notice—Demurrer.*

1. Upon petition by sub-contractors for a lien for material furnished, this court holds that the petition must be dismissed for want of notice to the owner, under Secs. 30 and 31, act of 1887.

2. Although notice is not necessary when the sworn statement of the contractor, provided for in Sec. 35, gives the owner true notice of the amount due and to whom due, in the absence of such statement the notice is required.

3. The statute in question being in derogation of the common law. one who claims under it must strictly perform and comply with its conditions and requirements.

[Opinion filed October 19, 1888.]

APPEAL from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

Mr. L. H. HITE, for appellant.

Mr. J. J. RAFTER, for appellees.

GREEN, P. J.   Butler & McCracken, claiming to be sub-contractors under Benjamin Summers, filed their petition for mechanic's lien, making Ella Gain, Summers and Wiegriffe (another sub-contractor) defendants.

Appellant filed a general demurrer to this petition which the court overruled, and appellant electing to abide by her demurrer, a decree was entered as prayed for, to reverse which she took this appeal.   It is alleged in the petition that Summers, on August 27, 1887, made a written contract with Ella Gain to build a house for her for $685, to be completed in forty-five days from date of contract, payments to the amount of $500 to be made as work progressed, balance, $185, when work was completed; that on October 11, 1887, work was finished and accepted; that Gain paid Summers the $500 as agreed, "but did not require of him or receive from him a statement, under oath, of the number, name of every sub-contractor, mechanic or workman in his employ, or person furnishing materials, giving their names and the rate of wages, or the terms of contract, and how much, if anything, is due or to become due, for work and materials furnished, and without retaining out of the money due said Summers on account of said contract an amount sufficient to pay the demands of petitioners and other sub-contractors and workmen and mechanics, furnishing materials and labor under said contract;" that there is still due and in her hands $185 on said contract; that after Summers made the contract with her he contracted with petitioners for lumber for said house and which he put in said house, amounting to $286.42, and which he was to pay for at times mentioned for payments to Summers by Gain in original contract; that Summers paid petitioners $85 and owes them the balance of $201.42; that petitioners on November 2, 1887, filed their statement for a lien as required by the act, with the clerk of the Circuit Court of St. Clair County; that on the 20th day of December, 1887, they caused to be served on said

Ella Gain a copy of notice required by section 30 of the act, and prays that petitioners be allowed a lien; that the amount due them be decreed to be paid by Summers and Gain, and in default of such payment the premises may be sold to satisfy debt and costs.

The error assigned is overruling appellant's demurrer and rendering decree in favor of appellees. It is alleged in the petition that all the money to be paid Summers was due when he completed his contract, and petitioners were to be paid by that time all that was due them from Summers.

The contract and sub-contract were finished October 11, 1887, and the statutory notice was served on appellant December 20, 1887, *sixty-nine days* afterward. Said section 30 provides for the giving of notice, and the kind of notice to be given the owner by the sub-contractor or person furnishing material for contractor. And section 31 provides such notice shall be served within *forty* days from the completion of the sub-contract, or within forty days after payment should have been made to the person furnishing such material. It thus appears, and is not disputed by appellees, that the notice required by Sec. 30 was not served on the owner within the period required by Sec. 31, nor until twenty-nine days thereafter. This statute, under which petitioners invoked the aid of the court, has been always held by our Supreme Court to be in derogation of the common law, and before a person can become entitled to the remedy afforded by the statute he must strictly perform and comply with its conditions and requirements. And among these imperative conditions is the service of said notice upon the owner within forty days, as required by Sec. 31, unless in a case excepted by the proviso attached thereto. And on behalf of appellees it is contended that by reason of this proviso added to said section in the act of 1887 providing "such notice shall not be necessary where the sworn statements of the contractor, provided for in Sec. 35 of this act, shall serve to give the owner true notice of the amount due and to whom due," and because appellee made payments to Summers without requiring him to make such sworn statement, they are entitled to the lien without complying with such condition.

This theory is based upon the assumption that the owner must require the contractor to make this sworn statement, and thus take steps to inform herself of the amount due or to become due to the petitioners, and, having failed to perform this duty, " can not be heard to charge the sub-contractor with neglect of duty in not giving the statutory notice." We do not so understand the provisions of this act. *The original contractor* must make the sworn statement " whenever any payment shall become due from the owner, or whenever he desires to draw any money from the owner on such contract." If he fails to do this, the statutory notice must be given to the owner by the sub-contractor or person furnishing material. Appellant did not receive the sworn statement provided for in Sec. 35, nor the statutory notice from the petitioners as required by Secs. 30 and 31; hence, appellees were not entitled to a lien, and the demurrer should have been sustained and the petition dismissed. Be'ange v. Hersey, 90 Ill. 70; St. L. Nat. Stock Yards v. O'Reiley, 85 Ill. 546.

Kelly v. Kellogg, 79 Ill. 477 and Legrand v. Armstrong, 18 Ill. App. 549, cited in appellant's brief, support the views expressed upon this question of notice. The decree of the City Court is reversed and cause remanded, with directions to the court below to dismiss the petition of appellees.

*Reversed and remanded.*